## In re APPEAL OF FORG.

### Patents; Res Adjudicata.

Where eight years after the rejection by the Commissioner of Patents of an application for a patent for a striking plate to be attached to the jamb of doors, the same inventor applied for a patent, not for the lock striker, but for the combination of the lock striker and the door or casing, which application was also rejected, it was *held*, on appeal from the Commissioner, that the combination was one of the utmost antiquity and therefore not patentable, unless the striker plate itself was patentable, and that question was *res adjudicata* by the first decision of the Commissioner, which could not be considered on the appeal before the court.

No. 6. Patent Appeals. Submitted November 13, 1893.—Decided December 12, 1893.

Hearing on an appeal from a decision of the Commissioner of Patents, rejecting an application for a patent for the combination of a lock-striker and doors or casings. *Affirmed.*

The Court in its opinion stated the case as follows:

This is an appeal from the decision of the Commissioner of Patents refusing to grant to the appellant a patent for an alleged invention for a lock-striker or striker-plate for

doors, or rather in form for the combination of such striker-plate with the door.

On May 19, 1884, the appellant, Peter Forg, applied to the Patent Office for a patent for a striking-plate to be attached to the jambs of doors against which the bolts of locks and latches should strike, and within which the bolts should be secured. The ordinary rectangular striker with a projecting lip had been for a long time, and is even yet, in use; but it was objectionable, as the appellant claimed, in consequence of the amount of time and labor required to adjust it to the door, and because the projecting lip was apt to lacerate the person as well as clothing that came in contact with it. Mr. Forg's device consisted of a metal disk or circle with a small segment of it cut off, the chord of the circle being beveled and coming flush with the edge of the door, so that the disk is wholly within the surface of the door and no part of it projects. And the device required the construction of the receptacle of the door in shape to correspond with the striker-plate. The claim stated in the application was as follows:

"A striker-plate composed of a segmental disk or plate, having its straight side beveled and having a central bolt-receiving opening and an opening for the fastening, the straight beveled side over which the bolt rides thereby lying within the circumference of the circle described by the radius of the disk, substantially as described."

After some delay, which is not explained, this application was refused by the examiner on January 25, 1889, on the ground that the invention, if any there was, had been covered by a patent granted on June 9, 1857, to one Jeremiah M. Crosby, and which patent had then expired. It was held that there was no novelty in the alleged invention.

This decision was affirmed by the board of examiners-in-chief, on April 23, 1889; and finally by the Commissioner of Patents on July 25, 1890. From the Commissioner's decision it does not appear that any appeal was taken, and presumably the applicant acquiesced in it. But on May 11, 1892, eight years after his first application, the applicant

filed in the Patent Office a new application for a patent; this time not for the lock-striker, but for the combination of the lock-striker and the door.   His claim is as follows.

" The combination with a door or casing provided with a segmental striker-plate receptacle, having the chord of its segment formed by the edge of the door or casing, of a segmental striker-plate fitted into said receptacle and having its chord coincident with the chord of the said receptacle, the said segmental striker-plate being provided with a bolt-receiving recess, substantially as described."

On May 20, 1892, this application also was rejected by the examiner, on the ground that it was substantially for the same thing as the previous application that had been refused. And this decision was likewise affirmed on appeal by the examiners-in-chief (November 16, 1892), and by the Commissioner of Patents (December 29, 1892).   And from the Commissioner's decision the present appeal has been prosecuted.

*Messrs. Mason, Fenwick & Lawrence* and *Mr. James H. Churchill* for the appellant.

*Mr. L. H. Campbell* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This application of the appellant, it will be noticed, is simply for the combination of the striker-plate, for which a patent was unsuccessfully sought in 1884, with a door or casing.   Now, a combination of a striker-plate and door or casing is, of course, not new.   That combination existed with the Crosby patent, and with the rectangular striker-plate in ordinary use.   If there is anything novel in the combination, it must be in consequence either of something novel in the process of combination or of some novelty in the striker-plate; for there is no novelty in the result.   But the claim is not for a new process—although in argument it was contended that the process of affixing this striking-plate was much more easy and required fewer tools and less labor

than the other devices of a similar character. It follows inevitably that the combination is not patentable, unless the striker-plate itself has in it the elements of a new and useful invention; and this question the Commissioner was justified in treating as *res adjudicata*. The fact that the adjustment of the Forg striker-plate to a door or casing makes a neater job, as is claimed, only shows mechanical ingenuity, not patentable invention.

It remains, then, only to inquire whether, upon this appeal, we can review the decision of the Commissioner of Patents in rejecting the application of May 19, 1884, for a patent for a striker-plate. That decision was rendered more than three years ago, and more than two years before the present appeal was taken. We are not asked, except inferentially, to review that decision, and we are not sure that we could now review it, if requested. Indeed, we are quite sure that we could not. Consequently, without any expression of opinion from us on the merits of that alleged invention, we must regard the device sought to be patented in 1884 as having been finally determined to be without novelty and not a patentable invention.

This being so, the question in the present case is reduced to this: Is a combination between a door or casing, which is of the utmost antiquity, and a striker-plate, which has been finally determined and adjudged not to be a novelty, in itself a patentable invention, when striker-plates and doors have long been in combination and no novelty is claimed for the process of combination? To state this question is to answer it; and the answer must necessarily be in the negative.

It follows that *we must affirm the decision of the Commissioner of Patents in this case.*